# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 18-2816-JFW(AGRx)** | Date: May 30, 2018 |
| Title: Theresa Morales -v- Sprint Connect, LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND REMAND ACTION TO STATE COURT [filed 5/1/18; Docket No. 26]

On May 1, 2018, Plaintiff Theresa Morales ("Plaintiff") filed a Motion for Leave to File Amended Complaint and Remand Action to State Court. On May 14, 2018, Defendants Sprint Connect, LLC ("Sprint Connect") and Sprint Corporation (collectively, "Defendants") filed their Opposition. On May 21, 2018, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument, and the hearing calendared for June 4, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Sprint/United Management Company ("SUMC"), a Kansas corporation, provides management services. Sprint Connect, a Delaware corporation, is a joint venture between SUMC and Dixons Carphone ("Dixons") that operates Sprint-branded stores across the United States.

On April 28, 2016, Sprint Connect hired Plaintiff to work in Los Angeles, California as its People, Culture & Legal Business Partner for the West Region. In this role, Plaintiff was responsible for performing human resources functions.

In December of 2016, Plaintiff allegedly discovered that Sprint Connect's policies were not

in compliance with various California laws. According to Plaintiff, Sprint Connect did not comply with California's sick pay laws; failed to provide mandatory sexual harassment training; and failed to comply with California's Fair Employment and Housing Act ("FEHA") requirements regarding sexual harassment policies. Plaintiff reported her findings to her direct supervisor, Caroline Edwards, who advised Plaintiff to report her concerns to Sally Whitlock, a different supervisor. Shortly thereafter, during a meeting in Kansas City, Plaintiff, her colleague Richard Teixeira, and another employee expressed concerns about Sprint Connect's lack of compliance with various employment laws. According to Plaintiff, in response, Edwards allegedly announced that Plaintiff's teams would no longer report to Plaintiff. While at the meeting, the Chief Operating Officer of Sprint Connect received an anonymous email regarding two employees who were allegedly having an affair. Edwards accused Plaintiff of writing the anonymous email and told her to leave the meeting and return to Los Angeles.

From February through April of 2017, Plaintiff allegedly witnessed Anthony Catterson, Sprint Connect's Vice President of Operations, and Ali Latif, District Manager of Sprint Connect for Northern California, engaging in "inappropriate behavior." In addition, Plaintiff discovered that Latif was engaged in "fraudulent activity", including falsifying documents to fraudulently obtain electronic merchandise. Latif also allegedly failed to comply with sexual harassment training requirements. Plaintiff investigated Latif's actions and reported her findings to Catterson, Whitlock, and Edwards. Shortly thereafter, Catterson instructed Plaintiff to terminate her investigation, "stay in her own lane", and "stick to human resources."

In March and April of 2017, several Sprint Connect employees reported that Latif had discriminated and retaliated against them on the basis of race. In May of 2017, Plaintiff investigated those allegations and, based thereon, recommended Latif's termination. As a result, Plaintiff claims that Catterson and Latif allegedly retaliated against Plaintiff and also harassed her. Plaintiff complained about Catterson's and Latif's inappropriate conduct to Edwards and Sherri Vega, a Senior Human Resources Manager at Sprint Connect.

On June 9, 2017, SUMC and Dixons announced that ownership of Sprint Connect stores would transfer from their joint venture solely to SUMC and that all senior management and field positions would remain intact. Plaintiff was assured that she would receive a bonus for assisting with the transition.

On August 30, 2017, Plaintiff was notified by Jake Grissin, a Sprint Connect training manager, that Sprint Connect had learned that Plaintiff had sued a previous employer and, therefore, Plaintiff would not be rehired following the transition of the company's ownership.

### B. Procedural History

On February 9, 2018, Plaintiff filed a Complaint in Los Angeles County Superior Court, alleging claims against Sprint Connect and Sprint Corporation for: (1) retaliation in violation of FEHA; (2) failure to prevent retaliation in violation of FEHA; (3) retaliation in violation of California Labor Code Section 1102.5; and (4) failure to reimburse business-related expenses in violation of California Labor Code Section 2802.

On April 4, 2018, Sprint Connect filed an Answer in Los Angeles Superior Court. On April 5,

2018, Defendants filed a Notice of Removal, alleging that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a). According to Defendants, their removal was timely because Plaintiff did not properly serve them until April 2, 2018.

On April 20, 2018, after Defendants filed a Notice of Removal, Plaintiff's counsel had a telephone discussion with her former colleague Teixeira. During that conversation, Teixeira for the first time advised that from May through August of 2017, Latif told Teixeira: (1) Plaintiff "is such a bitch, she is out to get me. I am going to get her fired."; (2) Plaintiff "does not know what she is doing . . . She is trying to sleep with one of the managers at one of the sales meetings."; (3) Plaintiff "is lying about the [Jose Martinez and Gerardo Durantes human resources] investigation"; and (4) Plaintiff "is trying to have an affair with one of his employees." According to Plaintiff, each of these statements is false.

On April 25, 2018, Plaintiff's counsel asked Defendants' counsel to agree to: (1) allow Plaintiff to amend her Complaint to add a claim for defamation against Latif and remand the action to state court; and (2) remove Sprint Corporation as a named defendant and substitute SUMC. Defendants' counsel would only agree to the substitution of SUMC.

As a result, on May 1, 2018, the parties filed a joint stipulation to dismiss Sprint Corporation and to add SUMC as a defendant. The same day, Plaintiff filed her Motion for Leave to file a first amended complaint ("FAC"). In the FAC, Plaintiff seeks to join Latif, a California citizen, as a defendant and to allege a claim for defamation against Latif, Sprint Connect, and SUMC.[1] Because joining Latif would destroy diversity jurisdiction, Plaintiff also asks that the Court remand this action to Los Angeles Superior Court.

## II.     LEGAL STANDARD

"A civil action in state court may be removed to federal district court if the district court has 'original jurisdiction' over the matter." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). "A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the propriety of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (

9th Cir.1999). Consequently, if a plaintiff challenges a defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.    DISCUSSION

---

[1] Sprint Connect and SUMC do not oppose Plaintiff adding a claim for defamation against them.

The parties agree that Plaintiff and Latif are both citizens of California and that adding Latif as a defendant would destroy diversity jurisdiction under 28 U.S.C. Section 1332. *See Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (alterations omitted) ("Diversity jurisdiction does not exist unless each defendant is a citizen of a different [s]tate from each plaintiff."). The parties also agree that the Court should apply 28 U.S.C. Section 1447(e) to determine whether Latif may be joined as a defendant. *See* Reply 4.

When determining whether to permit joinder under Section 1447(e) and remand an action, courts generally consider five factors: (1) whether the party sought to be joined is needed for adjudication and could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant if the court denies joinder; (3) whether there has been an unexplained delay in seeking joinder; (4) whether the joinder is solely for the purpose of destroying subject matter jurisdiction; and (5) whether the claim against the new party appears valid. *Forward-Rossi v. Jaguar Land Rover N.A., LLC*, 2016 WL 3396925, at *3 (C.D. June 13, 2016); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1081–82 (C.D. Cal. 1999). In addition, many courts also consider whether denying joinder will prejudice the plaintiff. *Sandhu v. Volvo Cars of N. America, LLC*, 2017 403495, at *2 (N.D. Cal. Jan. 31, 2017).

### A. Extent that Latif Is Needed for Just Adjudication of this Action

In determining whether a diversity destroying amendment should be permitted under Section 1447(e), courts consider the standard for compulsory joinder of parties under Federal Rule of Civil Procedure 19. *Clinco*, 41 F. Supp. 2d at 1081–82. Rule 19 "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Id.* at 1082; Fed. R. Civ. P. 19(a).

Sprint Connect argues that Latif is not an indispensable party because an employer may be liable for defamatory statements made by its employees under the doctrine of respondeat superior. Although Sprint Connect is correct that principals and agents are not generally deemed indispensable parties under Rule 19, that is not the end of the inquiry. "[A]mendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19." *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (internal citation, quotation marks, and alterations omitted). "The standard is met when failure to join [a party] will lead to separate and redundant actions." *Id.* Moreover, a "court may find that joinder is appropriate for the just adjudication of the controversy if there is a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014) (collecting cases).

Plaintiff's allegations against Latif demonstrate that Latif was predominantly involved in the conduct that gave rise to Plaintiff's claims against Sprint Connect. Indeed, Plaintiff's defamation claim against Latif is based on the exact same allegations as her defamation claim against Sprint Connect. In addition, Plaintiff's allegations against Latif are intertwined with her other claims against Sprint Connect because Latif was a direct participant in the activities that gave rise to her claims against Sprint Connect. For example, Plaintiff alleges that Sprint Connect retaliated against her, at least in part, because she reported Latif's failure to comply with California law to superiors

and also conducted multiple investigations into his actions. Thus, resolution of Plaintiff's claims against both Latif and Sprint Connect will likely require many of the same documents and witnesses and will implicate many of the same factual and legal issues.

Moreover, if Plaintiff is forced to pursue her claim against Latif in a separate state court action, Plaintiff will be required to pursue redundant actions because her defamation claim against Sprint Connect is factually identical to her defamation claim against Latif. Thus, there is a risk of inconsistent verdicts that may have a preclusive effect. Accordingly, the Court concludes that this factor weighs in favor of permitting joinder.

### B. Statute of Limitations

If the statute of limitations would affect a plaintiff's ability to bring a separate suit against a new party, this weighs in favor of permitting joinder. *Clinco*, 41 F. Supp. 2d at 1083. The statute of limitations for a defamation claim is one year. Ca. Code Civ. Proc. § 340(c); *See also Totah v. Bies*, 2011 WL 1324471, at *3 (N.D. Cal. Apr. 6, 2011). "A claim for defamation accrues at the time the defamatory statement is published or communicated to a third person." *Totah*, 2011 WL 1324471, at *3. Teixeira states in his declaration that Latif made defamatory statements to him about Plaintiff from May to August of 2017. Although Plaintiff does not explicitly address whether the statute of limitations would preclude her from filing a separate state court action against Latif, she concedes that the relevant statute of limitations has not expired. Accordingly, this factor weighs against permitting joinder.

### C. Unexplained Delay

When determining whether to allow amendment to join a non-diverse party, courts consider whether the amendment was attempted in a timely fashion. *Clinco*, 41 F. Supp. 2d at 1083. As part of this analysis, courts frequently consider a plaintiff's explanation for any delay in amending her complaint. *See San Jose Neurospine v. Cigna Health & Life Ins. Co.*, 2016 WL 7242139, at *10 (N.D. Cal. Dec. 15, 2016).

District courts generally measure delay from the date of removal to determine whether an unreasonable delay has occurred. *Dorfman v. Mass. Cas. Ins. Co.*, 2015 WL 7312413, at *9 (C.D. Cal. Nov. 19, 2015) (collecting cases). Sprint Connect filed its Notice of Removal on April 5, 2018, and Plaintiff filed a Motion for Leave to Amend on May 1, 2018. Thus, Plaintiff did not unreasonably delay in attempting to join Latif as a defendant. *See id.* (holding that filing a motion for leave to amend pursuant to Section 1447(e) within a month of the date the notice of removal was filed was not a "significant delay.").

In addition, even if the Court measures from the filing of the state court action, the delay is not unreasonable. "California district courts have held that amendment as late as nine months after the original complaint was filed is still timely under Section 1447(e) if no dispositive motions have been filed and the discovery completed thus far will be relevant whether the case is litigated in federal court or state court." *Id.* (internal quotation marks and citations omitted). There are no dispositive motions pending, and the parties cannot reasonably argue that any discovery

that has been completed cannot be used whether the case proceeds in federal or state court.

Accordingly, the Court concludes that Plaintiff did not unduly delay in seeking to join Latif.

Sprint Connect argues that even if Plaintiff promptly sought to join Latif as a defendant after the Notice of Removal was filed, she should not be permitted to join Latif because she has failed to explain why her counsel waited until April 20 to speak with Teixeira. Sprint Connect also argues that Plaintiff had sufficient facts at the time she filed this action to be at least generally aware that Latif had made defamatory statements about her. The Court finds Sprint Connect's arguments unavailing. Plaintiff's counsel has submitted a declaration that suggests that at the time this action was filed, Plaintiff was generally aware that Latif was involved in retaliating against her but that she did not know the nature and extent of the false statements made about her. Although the circumstances surrounding the April 20 phone call are not clear, Sprint Connect has not presented any evidence that suggests that Plaintiff had any knowledge of the extent of Latif's specific defamatory statements to Teixeira before this call. Thus, the Court cannot conclude from the record that Plaintiff unreasonably delayed in speaking with Teixeira and subsequently seeking to join Latif. Accordingly, this factor weighs in favor of permitting joinder.

### D. Motive Behind Joinder

"The motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Id.* at *10 (citing *Clinco*, 41 F. Supp. 2d at 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980))). "A trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to state court." *Id.* (internal citation and quotation marks omitted).

Sprint Connect argues that Plaintiff seeks to join Latif for the sole purpose of defeating federal subject matter jurisdiction. Although the Court agrees that the circumstances in this case suggest that Plaintiff's motivation in seeking to add Latif is to defeat diversity jurisdiction, "it is not readily apparent that [is her] sole motivation, particularly because there is a seemingly valid claim" against Latif. *Sandhu*, 2017 WL 403495, at *3.

Sprint Connect also argues that Plaintiff should not be permitted to join Latif because she has not adequately explained why she waited to bring her claim against Latif until after its removal of this action. *See San Jose Neurospine*, 2016 WL 7242139, at *11 (explaining that when evaluating a plaintiff's motive for amendment, courts consider "whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant."). Sprint Connect's argument is not persuasive. Plaintiff's counsel's declaration indicates that Plaintiff was not aware of any specific false statements made by Latif until April 20, 2018 when Plaintiff's counsel spoke with Teixeira. In the absence of any evidence to the contrary, the Court cannot conclude that Plaintiff seeks to join Latif solely to defeat diversity jurisdiction. Accordingly, the Court concludes this factor weighs in favor of permitting joinder.

### E. Apparent Validity of Plaintiffs' Claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e)." *Forward-Rossi*, 2016 WL 3396925, at *4 (internal citation and quotation marks omitted). In considering the validity of a plaintiff's claims, a court only

needs to determine whether the claim "seems valid."

Sprint Connect does not dispute that Plaintiff's defamation claim against Latif is facially valid. In addition, the Court has independently evaluated Plaintiff's allegations in the FAC and concludes that her defamation claim against Latif is "facially legitimate." Accordingly, this factor weighs in favor of permitting joinder.

### F. Prejudice to Plaintiffs

Where claims against parties sought to be joined in an action "arise out of the same factual circumstances," it is in the economic benefit of all parties and the judicial system to "have the entire controversy adjudicated only once" and to force a plaintiff to "proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Delafontaine v. Volvo Cars of N. Am., LLC*, 2016 WL 7338404, at *4 (C.D. Cal. Dec. 19, 2016) (internal citations and quotation marks omitted).

Sprint Connect argues that Plaintiff will not suffer any prejudice if the Court denies her leave to amend to add a claim against Latif because "her defamation claim against Latif will be resolved as part of her claim for defamation against Sprint", and "Plaintiff can assert her defamation claim against Latif in state court." Opp'n 9. However, forcing Plaintiff to pursue parallel actions that involve claims that arise out of the same factual occurrence would require significant time and expense, thereby prejudicing Plaintiff. Accordingly, the Court concludes that this factor weighs in favor of permitting joinder.

Based on the foregoing, the Court concludes it is appropriate to exercise its discretion under Section 1447(e) to permit joinder of Latif as a defendant and remand this action to state court.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File her FAC and for Remand is **GRANTED.** Plaintiff shall file her proposed FAC by June 1, 2018, and this action is remanded to Los Angeles Superior Court.

IT IS SO ORDERED.